UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-72-FDW

| | |
|---|---|
| BERWYN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ALEXANDER CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion. On April 17, 2018, *pro se* Plaintiff Berwyn Robinson filed a one-page document entitled "Complaint fore Claim of Injury," in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1). Because Plaintiff names Alexander Correctional Institution as the sole Defendant in this action, the Eastern District transferred the matter to this Court, where venue is proper. (Doc. Nos. 2, 3).

Plaintiff alleges that, on March 28, 2018, he was "brutally force: to the wall 'and' Mrs. Harris (or) (Sgt. Harris) of (Alexander Corr. Inst.) has <u>threaten</u> (me) and I feel like my life is on the line, this has been going on fore (6 months) and every time I … go's out to get my (medical) (med's) <u>Mrs. Sgt. Harris</u>, make's (threatening) statement at (Mr. Robinson). How can I use the 1983 law's against (Alexander Corr. Inst.) and this officer that's threatening (me)!" (Doc. No. 1. at 1).

To the extent that Plaintiff is attempting to file a civil rights action pursuant to 42 U.S.C. § 1983, his Complaint is subject to dismissal due to a number of deficiencies, not the least of which is his failure to set forth a factual basis for his claim, or any prayer for relief. Further, one of the

1

two Defendants, Alexander Correctional Institution, is not a legal entity that may be sued under § 1983. See Will v. Michigan Dep't of St. Police, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials in their official capacities are "persons" under § 1983). The Court will grant Plaintiff an opportunity to correct these defects as follows.

Plaintiff shall have **21 days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff must include the case number on his Amended Complaint so that it is docketed in the correct case. Plaintiff's failure to timely file an Amended Complaint that complies with this Order will result in this case being dismissed and closed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **21 days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge